J-S43004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES E. SMITH, | |
| Appellant | No. 3018 EDA 2013 |

Appeal from the PCRA Order of September 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0513651-2000

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 11, 2015**

Appellant, Charles E. Smith, appeals from the order entered on September 27, 2013, dismissing his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

As the PCRA court explained:

> After a one-day bench trial on April 24, 2001, [Appellant] was convicted of aggravated assault, burglary, criminal trespass, possession of an instrument of a crime, unlawful restraint, simple assault, reckless endangerment of another person, and false imprisonment.[1]  The Commonwealth's case against [Appellant] arose from allegations that he attacked his life-long acquaintance and former girlfriend, [R.B.].  To briefly summarize the essence of the facts supporting [Appellant's convictions] in the most concise form:

---

[1] 18 Pa.C.S.A. §§ 2702, 3502, 3503, 907, 2902, 2701, 2705, and 2903, respectively.

On June 29, 1997, at approximately 8:00 a.m., [R.B.] was in the bathroom of her apartment getting herself ready to attend church. While in the bathroom, [R.B.] heard a noise. As she walked down the hallway, she saw [Appellant] coming towards her. As she cursed at [Appellant], he punched her in the face. A brief struggle[] ensued, and [Appellant] pushed [R.B.] down onto her bed. While on top of her, [Appellant] proceeded to choke [R.B.] with both hands. [R.B.] could not breathe and shortly became unconscious. She gained consciousness [and felt Appellant] stabbing her repeatedly with a steak knife.

[Appellant] picked up [R.B.'s] daughter and placed them both in her bedroom. [R.B.] was trapped in her bedroom with her daughter for approximately four days until a police officer arrived, taking [R.B.] and her daughter to the district.

PCRA Court Opinion, 6/20/14, at 2 (internal quotations, citations, and corrections omitted) (some internal capitalization omitted).

On July 20, 2001, the trial court sentenced Appellant to serve an aggregate term of 20 ½ to 41 years in prison for his convictions.

We affirmed Appellant's judgment of sentence on October 16, 2002 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 17, 2003. *Commonwealth v. Smith*, 815 A.2d 1131 (Pa. Super. 2002) (unpublished memorandum) at 1-10, *appeal denied*, 833 A.2d 142 (Pa. 2003). Appellant did not thereafter file a petition for a writ of *certiorari* with the United States Supreme Court.

On December 30, 2004, Appellant filed his first PCRA petition. The PCRA court dismissed the petition on January 26, 2006, this Court affirmed the PCRA court's dismissal order on April 2, 2007, and the Pennsylvania

Supreme Court denied Appellant's petition for allowance of appeal on August 29, 2007. **Commonwealth v. Smith**, 928 A.2d 1129 (Pa. Super. 2007) (unpublished memorandum) at 1-6, *appeal denied*, 931 A.2d 658 (Pa. 2007).

On May 21, 2012, Appellant filed the current PCRA petition, which constitutes Appellant's second petition for post-conviction collateral relief under the PCRA. Within the petition, Appellant acknowledged that the petition was filed more than one year after his judgment of sentence became final. However, Appellant claimed that his petition was timely under the "newly recognized constitutional right" exception to the PCRA's time-bar. Specifically, Appellant claimed that that he filed his petition within 60 days of the United States Supreme Court's decision in **Martinez v. Ryan**. **See Martinez v. Ryan**, ___ U.S. ___, 132 S.Ct. 1309 (2012); Appellant's Second PCRA Petition, 5/21/12, at 7.[2] In **Martinez**, the United States Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

---

[2] The United States Supreme Court decided **Martinez** on March 20, 2012.

*Martinez*, ___ U.S. at ___, 132 S.Ct. at 1320. In other words, the *Martinez* Court held that, where counsel is ineffective in an initial state collateral review proceeding, and where the ineffectiveness caused the petitioner to procedurally default on a "substantial" substantive claim, the ineffectiveness "may provide cause [to excuse a] procedural default in a [later] **federal *habeas* proceeding**." *Martinez*, ___ U.S. at ___, 132 S.Ct. at 1315 (emphasis added).

On September 27, 2013, the PCRA court dismissed Appellant's petition without a hearing and, on October 16, 2013, Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further,

since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 2003. As Appellant did not file his current petition until May 21, 2012, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA

demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

According to Appellant, in **Martinez**, the United States Supreme Court recognized a new constitutional right and, in accordance with this new constitutional right, Appellant is now entitled to raise claims that his trial counsel and direct appellate counsel were ineffective. This claim fails.

The "newly recognized constitutional right" exception to the PCRA's time-bar is codified in 42 Pa.C.S.A. § 9545(b)(1)(iii). As our Supreme Court explained:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), *quoting* *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

As stated above, in *Martinez*, the Supreme Court held that, where counsel is ineffective in a prior, initial state collateral review proceeding, and where the ineffectiveness caused the petitioner to procedurally default on a substantive claim, counsel's ineffectiveness "may provide cause [to excuse a] procedural default in a federal *habeas* proceeding." *Martinez*, ___ U.S. at ___, 132 S.Ct. at 1315. Yet, as the *Martinez* Court explicitly declared, it was **not** handing down a "constitutional ruling" and it was not recognizing a

new constitutional right. ***Martinez***, \_\_\_ U.S. at \_\_\_, 132 S.Ct. at 1319-1320. Rather, the ***Martinez*** Court based its holding upon an "equitable" exception to a court-created doctrine that is applicable only in the federal courts. ***Id.***; ***see also Coleman v. Thompson***, 501 U.S. 722, 730-731 (1991) (in *habeas* proceedings, the doctrine of "procedural default" arises from the "independent and adequate state ground doctrine" – which, in turn, "is grounded in concerns of comity and federalism"); ***Martinez***, \_\_\_ U.S. at \_\_\_, 132 S.Ct. at 1315.

Since ***Martinez*** did not recognize a new constitutional right, Appellant's attempt to invoke the "newly recognized constitutional right" exception to the PCRA's one-year time-bar immediately fails. Further, since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2015</u>